UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

**ROBERT W. MOORE, ET AL**                    **CIVIL ACTION NO. 14-CV-412**

**VERSUS**                                                      **JUDGE HAIK**

**STONE ENERGY CORP., ET AL**          **MAGISTRATE JUDGE HANNA**

**Memorandum Ruling**
*(Rec. Doc. 48)*

Before the court is the Motion to Compel Discovery by Defendant Stone

Energy [Rec. Doc. 48] which is opposed by Defendant Baker Petrolite Corporation

[Rec. Doc. 52].  Oral argument was heard on December 16, 2014.  For the reasons

recited in open court and discussed further below, the motion is granted in part and

denied in part.

*Factual and Procedural Background:*

Plaintiffs filed suit to recover sums they allege are owed to them from the

named defendants as a result of alleged injury and damage to Robert W. Moore on

March 20, 2012 as he worked on an oil/gas platform owned and operated by Stone

Energy [SS-114-LBJ] in the Gulf of Mexico.  Moore was a construction

superintendant on the platform.  He has alleged he was injured when a 3/8"

polyflow line ruptured and spewed hazardous chemicals into his face, eyes, nose,

and mouth. Plaintiffs have alleged the polyflow line and chemical injection pump

were unfit for use, with a pressure capacity less than the maximum allowable

output pressure of the chosen chemical injection pump.  They allege the hazardous

chemical should not have been transported through the polyflow line, and the

failure to install  a pressure safety valve on the injection pump to ensure protection.

 Both Stone and Baker[1] are named defendants in the action.  Baker is alleged to

have manufactured and/or supplied the hazardous chemical involved in the

incident.

On August 7, 2014, Stone propounded Interrogatories and Requests for

Production to Baker. [Rec. Doc. 48-2].  On October 9, 2014, Baker responded to

the discovery, with objections to some interrogatories and requests on the bases

that they are overbroad, not calculated to lead to relevant evidence and amount to a

fishing expedition. [Rec. Doc. 48-3].  On November 20, 2014, Stone filed the

instant Motion to Compel Discovery Responses. [Rec. Doc., 48].  The parties have

agreed and stipulated that the outstanding discovery requests made the subject of

the motion will be limited in scope to Baker Petrolite Corporation and the

information, documents, and things in its custody.

**Specific Categories of Discovery at Issue:**

---

[1]Baker Petrolite Corporation was added as a defendant in an amending complaint filed
February 19, 2014.[Rec. Doc. 1-9, p. 61].

Stone challenges the adequacy of Baker Petrolite's response and production in the following categories:

**1. *Records pertaining to Baker employee Albert Armand (Interrogatory No. 6, Request for Production Nos. 6, 13).***

The parties have represented that Albert Armand is an employee of Baker Petrolite.  He has worked at Stone facilities for the past 7-8 years–not always in the employ of Baker.  He is alleged by Stone to have made the recommendation for the use of polyflow for the injection system at issue.  Baker denies this and asserts that Armand was not present on the platform at the time of the incident.  Baker objects that the referenced interrogatory and requests for production are overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and invade the privacy of the non-party Armand.  In reply, Stone argues that Armand's training, certifications and experience is relevant to the question of what was known/should have been known by Baker about the chemical delivery systems at issue.

In considering issues related to the discovery of personnel files of non-party individual employees and the privacy concerns presented, the court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of the non-party, exercising its discretion to determine whether discovery

of such files is warranted. See *Atkinson v. Denton Publ. Co.*, 84 F.3d 144, 148 (5th Cir. 1996). The parties have agreed that Baker will review the personnel records at issue to provide a supplemental response to the discovery to include production of the training records and certifications of Mr. Armand, to which the Court finds they are entitled. To that extent the motion is granted. If Baker is not in possession of those records, or if Baker is aware that such records are possessed by former employers of Armand, that information should be conveyed to Stone. To the extent that Baker continues to maintain objections as to any such records, they should either be presented for *in camera* inspection or made the subject(s) of a privilege log.

### 2. Baker Petrolite job records(Interrogatory Nos. 1-2, Request for Production Nos. 1-2).

Baker has represented that it has produced the entire job file for the Stone job underway at the time of the incident. It maintains objections to the remainder of these requests that they are overbroad, and the court agrees. As the parties acknowledge, Baker has done/does many things in the oil/gas industry, and requests for "any and all" documentation of "any and all" work/services is overbroad in scope. Further, Interrogatory No. 1 has no time limitation. Interrogatory No. 2 is somewhat narrower, including a time limitation from

January, 2011 to the present.  The court will limit the scope of discovery in this category to the work and services provided by Baker's chemical division from January, 2011 to the present.  Baker's discovery responses should be supplemented accordingly.  Additionally, Baker is directed that its discovery responses should be verified.

### 3. Baker manuals, work rules, guidelines and recommendations (Request for Production Nos. 14, 16).

Request for Production No. 14 calls for production of "any and all safety manuals, operations manuals, employee manuals, safety alerts, work rules, regulations, guidelines and recommendations for your employees in effect since January of 2011 and up to the present time."  Request No. 16 makes a similar request for writings regarding reporting unsafe conditions at work locations made available by Baker to its employees.  Baker has objected to the scope of these inquiries, urging that production be limited to the chemical services being performed by or for Stone on the platform at the time of the incident.  Baker also objects to the time period referenced.  The Court is mindful that Baker's various safety manuals, operations manuals, rules, regulations and guidelines for its employees are likely to be voluminous.  Nevertheless, parts of those manuals are likely to be relevant and responsive to the Stone requests that are directed toward

what Baker tells its employees to do when they see unsafe conditions.  Therefore, the Court will grant this aspect of the motion and order production of Baker's table of contents materials for the pertinent manuals and any sections obviously responsive to the discovery requests.  The production will be limited to the time period from January, 2011 through January, 2013.  On that production, the parties can revisit the issues raised if necessary and the Court will sign an appropriate Protective Order.

### 4. Reports of unsafe conditions (Request for Production Nos. 15).

Request for Production No. 15 calls for production of writings made available by Baker to its employees or customers regarding chemicals, chemical injection systems, or related equipment, or the pumping of chemicals and addressing the risks or dangers of same since January, 2011 to the present.  Having found that what Baker gives to its employees regarding these subjects is relevant and discoverable, the Court will grant this part of the motion and order the requested production for the time period from January, 2011 through January, 2013.  The motion to compel is denied as to the request for writings made to Baker customers other than Stone, which the court finds to be overbroad.  Baker will make appropriate responses to the request relative to the customer Stone Energy

Corporation. Stone may re-urge its request, however, if an appropriate foundation is shown.

Though not made the subject of the Motion to Compel, Interrogatory No. 7 was referenced and discussed by the parties at oral argument.  The interrogatory calls upon Baker to identify any/all dates and locations Baker employees have installed, recommended, or observed ployflow tubing or piping on a chemical injection system.  Baker responded to the interrogatory relative to the Stone platform at issue.  Stone challenges the adequacy of the response.  The motion is denied as to this interrogatory.  However, in the event Baker wishes move for a protective order for modification of the interrogatory, the modification should identify the circumstances under which Baker Petrolite employees, including, but not limited to Albert Armand, have installed, recommended, or utilized polyflow tubing or piping on a chemical inspection system during the time from January, 2011 through January, 2013.

Based on the foregoing, and for the reasons set out above, the Motion to Compel [Rec. Doc. 48] is GRANTED IN PART AND DENIED IN PART.  The mover's request for attorney's fees is DENIED.  Thus,

IT IS HEREBY ORDERED that **no later than January 30, 2015**, Defendant Baker Petrolite Corporation shall supplement its discovery responses as described

-7-

herein, which responses shall be verified in writing by the appropriate company representative(s).  Any requests for protective orders or *in camera* inspections shall be made by the referenced deadline date.

Signed at Lafayette, Louisiana this 22nd day of December ,2014.

_____
Patrick J. Hanna
United States Magistrate Judge